## J. S. CAMPBELL ET AL.
## v.
## KATE MAGRUDER.

*Dram Shops—Action by Wife—Injury to Means of Support—Pleading —Evidence—Instructions.*

1. This court affirms, in view of the evidence, a judgment for the plaintiff, in an action brought by a widow under the Dram Shop Act, to recover from saloon keepers for injury to her means of support by reason of the death of her husband, the same being alleged to have been caused by liquor sold or given by them to him.

2. An instruction in such case, purporting to state the right of recovery in the words of the statute, should not omit the clause, "by giving or selling (to him) intoxicating liquors."

3. In the case presented, this court holds as proper the allowance of hypothetical questions on the basis of the undertaker's statements as to the contents of the dead man's stomach. It was for the jury to determine its weight.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Coles County; the Hon. E. P. VAIL, Judge, presiding.

Messrs. JOE H. WINKLER, DAVID HUTCHINSON and JAMES J. FINN, for appellants.

Messrs. CLARK & CLARK, for appellee.

PLEASANTS, J.  Appellee brought this suit under the Dram Shop Act against appellants, saloon keepers, for injury to her means of support by the death of her husband through intoxication caused by liquors sold or given by them to him.  We presume the plea was not guilty, though the abstract is silent on that point.  Plaintiff recovered judgment on a verdict for $1,000.

There was evidence both positive and circumstantial, to support the finding upon all the material allegations, and also to the contrary.  It is unnecessary to discuss it or to say on which side, in our opinion, was the preponderance.

Appellants assign for error, that the declaration states no time or place when or where the alleged wrongful acts of the defendants were committed; that the record does not show that any replication was filed, and that there was no issue joined.

From the abstract it appears that the first count alleged that plaintiff was the wife of Thomas Magruder up to the time of his death, which occurred on the 10th of October, 1889, at Coles County, Illinois; that the defendants " on, etc., and divers other days," sold and gave him intoxicating liquors, etc.; that the second count, after giving the place and date of his death, proceeds to charge that, *on the day aforesaid* the defendants *there* sold and gave, etc., and that the third and fourth set forth substantially the same facts as in the second. Thus in three of the four counts the time and place were averred.  It may be presumed that the foundation for the statements that no replication was filed or issue joined, is the fact that the *similiter* was not added to the plea.  The defects thus lately complained of are not so serious that the plea,

trial, verdict, judgment and statute of amendments and jeo-
fails would not cure them.

No error in admitting or rejecting evidence is suggested in
the argument, unless it be the allowance of hypothetical ques-
tions on the basis of the undertaker's statement as to the con-
tents of the dead man's stomach; to which we see no objection,
and none is particularly made.   The witness did not pretend to
know the contents, but he certainly had some means of forming
an opinion, judgment and belief, and he stated it only as such.
It was for the jury to determine its weight, and entirely proper
to base the questions to the experts upon the hypothesis of its
truth.

The first, second and fourth instructions given for the
plaintiff, considered separately, are defective.   Each of them
states that plaintiff has a right to recover for the injury here
complained of, if it was the direct result of her husband's
intoxication, against any and all who caused his intoxication,
in whole or in part—in the language of the statute, substan-
tially, as far as it goes, but omitting the clause " by giving or
selling (to him) intoxicating liquors."   This is an essential
element of the wrong.   The statement in the declaration con-
tains it, and the instructions also should have included it.
Yet we can not reasonably suppose that the jury were misled
by its omission in these, since it appears in those numbered six
and seven, and is very clearly so declared in those given for
the defendants and numbered two and three.   Such also, would
be the general understanding from the terms here used.

Plaintiff's third was somewhat loose, but the subject was so
treated in defendant's second as to prevent the possibility of
a mistake about it, if instructions could prevent it.   The
amount found is proof enough that there was none in fact.

Seeing no sufficient reason for a reversal, the judgment
will be affirmed.

*Judgment affirmed.*